IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:09-CR-81-BO
No. 4:12-CV-94-BO

| | |
|---|---|
| DEVON WAYNE JONES )<br>　　　　Petitioner, )<br>v. )<br>　　　　　　　　　　　　　　　)<br>UNITED STATES OF AMERICA )<br>　　　　Respondent. ) | ORDER |

This cause comes before the Court on petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 [DE 49]. In his motion, petitioner (petitioner or Mr. Jones) contends that his base offense level should be lowered in light of *United States v. Simmons*, 649 F.3d. 237 (4th Cir. 2011) (en banc). The government has moved to dismiss Mr. Jones' motion to vacate [DE 54], and Mr. Jones has responded [DE 56]. For the reasons discussed below, Mr. Jones' motion to vacate is dismissed.

## BACKGROUND

Mr. Jones was sentenced by this Court on June 1, 2011, to a term of thirty-six months' imprisonment following his plea of guilty to a criminal information alleging that he concealed the commission of an offense in violation of 18 U.S.C. § 4. Mr. Jones did not file a direct appeal. Mr. Jones filed the instant § 2255 petition on May 17, 2012, within one year of the date his judgment became final. 28 U.S.C. § 2255(f)(4).

## DISCUSSION

The government contends that relief sought by Mr. Jones is barred by the waiver in his plea agreement and that his claim is not cognizable under § 2255. Because the Court agrees with

the government's second contention, it will address it first and decline to consider the remaining argument.

A motion to vacate under 28 U.S.C. § 2255 provides relief to petitioners whose sentence was imposed in violation of the Constitution or laws of the United States, or was imposed by a court without jurisdiction to impose sentence, or whose sentence exceeds the maximum authorized by law. 28 U.S.C. § 2255(a). Generally, errors in the application of the Sentencing Guidelines cannot be raised in a subsequent § 2255 motion barring extraordinary circumstances. *United States v. Pregent*, 190 F.3d 279, 284 (4th Cir. 1999). A recent opinion from the Fourth Circuit, *United States v. Powell*, No. 11-6152, 2012 WL 3553630 (4th Cir. August 20, 2012), is instructive as to the application of this rule to cases arising under *Simmons* and *Carachuri-Rosendo v. Holder*, __ U.S. __, 130 S.Ct. 2577 (2010).

Judge King, writing in dissent in *Powell*, noted that

> Another typical application of the *Carachuri* rule narrows the definition of a "prior felony conviction" for purposes of determining whether a defendant is a career offender under section 4B1.1 of the Sentencing Guidelines. *See United States v. Jones*, 667 F.3d 477, 486 (4th Cir.2012) (concluding in post-*Carachuri* and-*Simmons* direct appeal that, because defendant's prior state conviction "was not punishable by a term of imprisonment exceeding one year," it "does not qualify as a prior felony conviction for purposes of the career offender provision"). Of course, even defendants labeled career offenders cannot receive sentences exceeding the applicable statutory maximum. Thus, those defendants also cannot rely on *Carachuri* to obtain § 2255 relief. *See Pregent*, 190 F.3d at 284 (explaining that, because only sentences exceeding the statutory maximum can be challenged by § 2255 motion, § 2255 "does not usually apply to errors in the application of the Sentencing Guidelines"); *cf. Sun Bear*, 644 F.3d at 704–06 (concluding that § 2255 movant who had been sentenced within statutory maximum as Guidelines career offender could not obtain relief under new *Begay* rule).

*Powell*, 11-6152, 2012 WL 3553630 *9 at n.2 (4th Cir. Aug. 20, 2012). In light of the foregoing, the Court finds that Mr. Jones' challenge to the calculation of his base offense level is not cognizable under § 2255 as Mr. Jones did not receive a sentence that exceeds his statutory

2

maximum. Nor has Mr. Jones alleged a basis for this Court to conclude that this non-constitutional error involved a "fundamental defect which inherently results in a complete miscarriage of justice" that would provide an avenue for the collateral attack of his sentence. *United States v. Mikalajunas*, 186 F.3d 490, 495-96 (4th Cir. 1999) (quotation and citation omitted). Accordingly, the government's motion to dismiss Mr. Jones' petition is granted.

## Certificate of Appealability

Rule 11 of the Rules Governing Section 2255 Cases ("Habeas Rules") provides "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Having determined petitioner is not entitled to relief and the government is entitled to dismissal of the petition, the Court considers whether petitioner is nonetheless entitled to a certificate of appealability with respect to one or more of the issues presented in his habeas petition.

A certificate of appealabilty may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a petitioner's constitutional claims have been adjudicated and denied on the merits by the district court, the petitioner must demonstrate reasonable jurists could debate whether the issue should have been decided differently or show the issue is adequate to deserve encouragement to proceed further. *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).

Where a petitioner's constitutional claims are dismissed on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition [or motion] states a valid claim of denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the

3

district court was correct in its procedural ruling.'" *Rose v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack*, 529 U.S. at 484). "Each component of the § 2253(c) showing is part of a threshold inquiry, and a court may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments." *Slack*, 529 U.S. at 484-85.

After reviewing the claims presented in the petition in light of the applicable standard, the Court finds that the issue of cognizability is adequate to deserve encouragement to proceed further. Therefore, the Court hereby ISSUES petitioner a certificate of appealability as to a review of the finding that the petition fails to raise an issue that is cognizable under 28 U.S.C. § 2255.

## CONCLUSION

Accordingly, for the reasons discussed above, the government's motion to dismiss is GRANTED and petitioner's motion to vacate, set aside, or correct sentence is DISMISSED. A certificate of appealability is ISSUED as to the finding that the petition fails to raise an issue that is cognizable under 28 U.S.C. § 2255.

SO ORDERED, this **23** day of September, 2012.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE